IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER G. SANDERS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-559-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On February 19, 2010, Petitioner pleaded guilty to four counts: Count 1, conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); Count 6, distribution of less than 5 grams of crack cocaine in violation of §§ 841(a)(1) and 841(b)(1)(C); and Counts 7 and 8, distribution of 5 grams or more of crack cocaine in violation of §§ 841(a)(1) and 841(b)(1)(B). *See United States v. Sanders, et al.,* Case No. 09-cr-40069-GPM-2 (Doc. 396).

On June 14, 2010, the undersigned Judge sentenced Petitioner to 300 months imprisonment, ten years supervised release, a fine of $1000, and a special assessment of $400. Judgment was entered on June 16, 2010. Petitioner did not file a direct appeal, nor did he apply for a writ of certiorari to the Supreme Court of the United States, having waived his appeal rights as part of his plea agreement (*See* Doc. 191 in criminal case). His § 2255 motion was timely filed on June 24,

2011.[1]

In his § 2255 motion, Petitioner raises six grounds for relief, all but one of which allege ineffective assistance on the part of his trial counsel. Petitioner first outlines counsel's failure to file a motion to suppress evidence or a motion to dismiss the indictment, failure to argue the applicability of the new/then-pending Fair Sentencing Act or removal of the recency points on his criminal history calculation, and failure to challenge the drug quantity amounts attributed to him. Petitioner then asserts that his plea agreement and subsequent plea were not entered into voluntarily or intelligently, and that he was induced to enter into the plea agreement under "false pretenses" (Doc. 1, p. 13).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936 (1995). Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997);

---

[1] The June 16, 2010, judgment became final on August 15, 2010, upon the expiration of the time for Petitioner to appeal, which was 60 days from the time the judgment was entered. FED. R. APP. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days after entry of the judgment if one of the parties is the United States); *see also Clay v. United States*, 537 U.S. 522, 525 (2003) (for defendant who does not file petition for writ of certiorari on direct review, one-year limitation period for filing § 2255 motion starts to run when the time for seeking Supreme Court review expires). Therefore, Petitioner had one year from August 15, 2010, to file his § 2255 motion. 28 U.S.C. § 2255(f)(1).

*Feichtinger*, 105 F.3d at 1190.  *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

However, a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that the plea agreement *itself* was the product of ineffective assistance of counsel.  *U.S. v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001) (discussing *United States v. Joiner*, 183 F.3d 635, 645 (7th Cir. 1999)).  In the case at bar, Petitioner argues that counsel's inadequate performance led him to plead guilty, making the waiver of review inapplicable in this limited scenario.  Without commenting on the merits of that argument, the Court concludes that the petition survives preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### Pending Motion

Petitioner's motion for evidentiary hearing (Doc. 4) is **DENIED** without prejudice to his renewing the motion after the response and reply, if any, are filed.

### Disposition

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

DATED: April 27, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge