IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER G. SANDERS, JR., | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) CIVIL NO. 11-559-GPM |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

### MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Respondent/Plaintiff United States of America's motion to dismiss Petitioner Walter G. Sanders Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In support of its motion to dismiss, the government argues that Mr. Sanders waived his right to bring this collateral attack. As of this date, Mr. Sanders has not responded to the government's motion to dismiss. Pursuant to Local Rule 7.1(c), the Court deems that Mr. Sanders has acceded to the merits of the government's motion to dismiss. UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 7.1(c) ("Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."). For the reasons set forth below, the government's motion is granted and Mr. Sanders' § 2255 motion is dismissed with prejudice.

### BACKGROUND

Mr. Sanders was charged with one count of conspiracy to distribute crack cocaine, one count of distribution of less than 5 grams of crack cocaine, and two counts of distribution of more than 5 grams of crack cocaine (Doc. 10). Attorney, Paul Sims, was appointed to represent

Mr. Sanders (Doc. 10). On February 19, 2010, pursuant to a written plea agreement, Mr. Sanders pled guilty to all four counts of the indictment (Docs. 10, 10-1). As part of the plea agreement, the government agreed to reduce Mr. Sanders' criminal offense level by at least four points,[1] which reduced the minimum sentence Mr. Sanders faced from life imprisonment to 360 months (Doc. 10). In exchange, Mr. Sanders consented to waive his right to appeal or collaterally attack his conviction or sentence (Doc. 10). On June 14, 2010, the Court accepted Mr. Sanders' plea, and he was sentenced to a term of 300 months imprisonment (Doc. 10). Mr. Sanders did not appeal his conviction or sentence (Docs. 1, 2).

On June 24, 2011, Mr. Sanders filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docs. 1, 2). In his § 2255 motion, Mr. Sanders made a variety of claims. He claimed he received ineffective assistance of counsel because: (1) counsel failed to argue that Mr. Sanders should benefit from the Fair Sentencing Act, which had not yet gone in to effect at the time of Mr. Sanders' sentencing; (2) counsel failed to file a motion to suppress evidence obtained by the government through wiretaps; (3) counsel failed to argue to exclude evidence related to the amount of crack cocaine attributed to Mr. Sanders; (4) counsel failed to argue the FBI lacked jurisdiction to conduct the wiretaps; (5) counsel failed to file a motion to dismiss the indictment; and (6) counsel misrepresented the applicable sentencing range (Docs. 1, 2). Mr. Sanders also claimed his plea agreement was not entered into voluntarily because he was coerced by the United States Attorney, and that his sentence was based in part on a previous state court conviction which Mr. Sanders was seeking to vacate (Docs. 1, 2).

The government responded to Mr. Sanders' § 2255 motion by filing a motion to dismiss (Doc. 10). The government contends that Mr. Sander's § 2255 motion should be dismissed

---

[1] The government initially identified Mr. Sanders' offense level as 43 (Doc. 10). In the plea agreement, the government identified Mr. Sanders' offense level as 39, and left open Mr. Sanders' right to argue before the Court that a 2-point dangerous weapon enhancement did not apply and his offense level was actually 37 (Doc. 10-1).

because, as part of his plea agreement, he waived his right to file such a motion (Doc. 10). Mr. Sanders moved the Court for an extension of time to file his response to the government's motion to dismiss (Doc. 11). The Court granted Mr. Sanders' motion and extended his time to file a response to September 13, 2012 (Doc. 12). Despite the extension, Mr. Sanders has failed to enter any response.

## ANALYSIS

### A. Collateral Review Under 28 U.S.C. § 2255 and Evidentiary Hearings

A criminal defendant can file a motion under 28 U.S.C § 2255 to challenge their sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, habeas corpus relief under § 2255 is reserved for "extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997), *quoting Oliver v. United States,* 961 F.2d 1339, 1341 (7th Cir. 1992).

A 28 U.S.C. § 2255 motion does not mandate an evidentiary hearing. *Prewitt*, 83 F.3d at 819; *see also Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2006). For an evidentiary hearing to be granted, the Seventh Circuit requires that a petition made pursuant to 28 U.S.C. § 2255 "include an affidavit setting forth the specific basis for relief." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). The affidavit is a threshold requirement; "its absence precludes the necessity of a hearing." *Id.* It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*

Here, Mr. Sanders § 2255 motion does not specifically request an evidentiary hearing, nor is such a hearing warranted. Mr. Sanders provided no affidavit to meet the threshold requirement for a hearing, and he alleged no facts in his petition that, if true, would entitled him to § 2255 relief. The Court's careful review of the motion, files, and records leads the Court to conclude that an evidentiary hearing is not required in this case. Consequently the Court will resolve the government's motion to dismiss and Mr. Sanders' § 2255 motion without a hearing.

**B.  Mr. Sanders' Plea Agreement Waiver**

As part of a plea agreement, a criminal defendant can waive the right to appeal or collaterally attack their conviction and sentence. *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012). As a general rule, the Court will enforce such waivers "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *See United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002).

In *Jones v. the United States*, the Seventh Circuit held that an individual who waived his right to appeal and his right to collaterally attack his sentence and conviction can raise only two possible claims in a § 2255 motion: that the waiver was involuntarily, or that he received ineffective assistance of counsel in negotiating the waiver. 167 F.3d 1142, 1145 (7th Cir. 1999) ("[W]e reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.")

Here, it is clear that Mr. Sanders knowingly and voluntarily waived his right to collateral attack. The provisions of Mr. Sanders' plea agreement dealing with the waiver of his right to appeal or collaterally attack his conviction and sentence are conspicuous (*See* Doc. 10-1). They are set off by a roman numeral, as one of three large sections that comprise the plea agreement (Doc. 10-1). The waiver provisions account for three pages of the twelve-page plea agreement, or approximately 25% of the document (Doc. 10-1). The language of the waiver provisions is clear and readily understandable. The plea agreement states that Mr. Sanders "knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law" (Doc. 10-1). The next paragraph confirms that this language is meant to cover direct appeals and collateral attacks pursuant to a § 2255 motion (Doc. 10-1). The plea agreement also expressly states that Mr. Sanders is "fully satisfied with the representation he has received from his counsel" (Doc. 10-1). Mr. Sanders and his attorney both signed the plea agreement (*See* Doc. 10-1).

The Court also conducted a careful colloquy with Mr. Sanders pursuant to Federal Rule of Criminal Procedure 11 (*See* Doc. 10-7). "The whole point of the Rule 11 colloquy is to establish that the plea was knowingly and voluntarily made." *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). The Court determined that Mr. Sanders was competent to understand the proceedings and knowingly enter a plea (Doc. 10-7). The Court ensured that Mr. Sanders had discussed the plea agreement with his attorney and that he understood the contents of the plea agreement (Doc. 10-7). The Court further ensured that Mr. Sanders understood his plea agreement contained the standard waiver of his right to appeal or collaterally attack his sentence, and as a result, he "had very limited rights to appeal anything" (Doc. 10-7).

Mr. Sanders' signature on the plea agreement is proof of the truth of his representations contained therein. *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001). Similarly, Mr. Sanders' statements at the plea colloquy "are entitled to the presumption of verity." *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004). Nevertheless, in his § 2255 motion, Mr. Sanders claimed that his plea agreement was not entered into voluntarily because "the United States Attorney used coercive measures to induce [him]" (Doc. 2). According to Mr. Sanders, the United States Attorney misrepresented the possible sentence exposure he faced in order to induce him to plead guilty and waive his constitutional rights (Doc. 2). The United States Attorney purportedly told Mr. Sanders that his sentence exposure was 360 months to life regardless of whether he pleaded guilty or proceeded to trial (Doc. 2). Mr. Sanders also claimed the United States Attorney included a dangerous weapon enhancement despite being aware that it "was being not a viable enhancement and would not withstand judicial scrutiny" (Doc. 2).

Mr. Sanders' claims are simply not supported by the evidence. Mr. Sanders repeatedly told the Court that he was voluntarily pleading guilty. The Court asked Mr. Sanders "is anybody forcing you to [plead];" the Court also asked if anybody was "doing anything that would make you sit back and go 'you know, this is just unbelievable pressure;'" and the Court asked "did anybody twist your arm to get you to sign this plea agreement?" (Doc. 10-7). In response to each question, Mr. Sanders answered, "no" (Doc. 10-7).

The evidence also shows that Mr. Sanders was informed of and understood the nature of the sentencing range contained within the plea agreement. The plea agreement provides that the sentencing range of 360 months to life imprisonment was the government's position, not Mr. Sanders' position (Doc. 10-1). The Court reasserted this fact to Mr. Sanders during his plea colloquy (Doc. 10-7). Furthermore, the plea agreement reserved for Mr. Sanders the right to

argue that the two-level dangerous weapon enhancement did not apply (Doc. 10-1). The plea agreement also stated that the sentencing range within the agreement was not binding on the Court, the Court will ultimately determine the applicable sentencing range, and the Court has the discretion to sentence Mr. Sanders anywhere up to the statutory maximum sentence (Doc. 10-1). The Court also reasserted these facts to Mr. Sanders during his plea colloquy (Doc. 10-7). In addition, the Court informed Mr. Sanders that the minimum sentence he faced on Count 1 was 20 years, and the maximum sentence was life imprisonment (Doc. 10-7). The Court reiterated that upon entering a guilty plea, Mr. Sanders would have no guarantee what his sentence would be (Doc. 10-7).

Therefore, Mr. Sanders' claim that he was induced into entering the plea agreement is unsupported and without merit. The Court finds Mr. Sanders entered a knowing and voluntary plea agreement that contained a clear and unambiguous waiver clause forfeiting his right to contest both his conviction and sentence.

## C. Ineffective Assistance of Counsel

As his waiver was knowing and voluntary, the only other circumstances allowing Mr. Sanders to circumvent the waiver would be if he received ineffective assistance of counsel during the negotiation of the plea agreement, which would render the plea agreement invalid. Mr. Sanders claims that he received ineffective assistance of counsel, for a number of reasons: (1) counsel failed to argue for the application of the Fair Sentencing Act; (2) counsel failed to file a motion to suppress evidence obtained by the government through wiretaps; (3) counsel failed to argue to exclude evidence related to the amount of crack cocaine attributed to Mr. Sanders; (4) counsel failed to argue the FBI lacked jurisdiction to conduct the wiretaps; (5)

counsel failed to file a motion to dismiss the indictment; and (6) counsel misrepresented the applicable sentencing range (Docs. 1, 2).

While Mr. Sanders' has couched his claims in terms of ineffective assistance of counsel, claims one through five clearly relate to his disagreement with his conviction and the length of his sentence. Those claims have nothing to do with the issue of deficient negotiation of the waiver or plea agreement. Mr. Sanders agreed in his plea agreement not to contest "any aspect of his conviction and sentence" (Doc. 10-1). The Seventh Circuit has "never been reluctant to hold criminal defendants to their promises." *Roberts v. U.S.,* 429 F.3d 723, 723 (7th Cir.2005) (dismissing Section 2255 proceeding based on waiver in plea agreement). Therefore, Mr. Sanders' claims one through five for ineffective assistance of counsel fall within the scope of the waiver, and Mr. Sanders is barred from bringing them in his § 2255 motion.

The only one of Mr. Sanders' claims for ineffective assistance of counsel that could possibly be construed as being related to the negotiation of the plea agreement is his claim that his attorney misrepresented the sentencing guideline range and based on that misrepresentation, Mr. Sanders agreed to the take the plea (Doc. 2). According to Mr. Sanders, his attorney represented that the sentencing guideline range was 360 months to life regardless of whether he pleaded guilty or proceeded to trial (Doc. 2). "Faced with these parallel alternatives, [Mr. Sanders] took the advice of counsel and plead [sic] guilty" and accepted the plea agreement that contained the waiver "foreclosing [Mr. Sanders] from appealing his sentence" (Doc. 2). Mr. Sanders claims that his attorney should have recognized that the guideline range was based on a two-level dangerous weapon enhancement that was inapplicable, and but for attorney's error, he might not have accepted the plea agreement and relinquished his appellate rights (Doc. 2).

To the extent this claim could be construed as relating directly to the negotiation of the plea agreement, Mr. Sanders cannot succeed on the merits. To establish ineffective assistance of counsel, Mr. Sanders shoulders a heavy burden. He must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Wiggins*, 539 U.S. at 521, *quoting Strickland*, 466 U.S. at 688. When a court reviews a claim of ineffective assistance of counsel, the court's review is "'highly deferential'" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002), *quoting Strickland*, 466 U.S. at 689. Put another way, "[d]efense counsel is 'strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.'" *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004), *quoting United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002). To succeed on his claim, Lewis must show "errors so serious that counsel was not functioning as 'counsel' guaranteed [to him] by the Sixth Amendment[.]" *Holman*, 314 F.3d at 839, *quoting Strickland*, 466 U.S. at 687.

Mr. Sanders' claims are insufficient to satisfy either prong of the ineffective assistance of counsel analysis. First, Mr. Sanders cannot demonstrate that his attorney's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness. An attorney's incorrect estimate or inaccurate prediction of the applicable sentencing range does not constitute ineffective assistance of counsel. *U.S. v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990).

*See also United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993) ("The Constitution does not ensure that lawyers will be good negotiators, locking in the best plea bargains available.")

Second, Mr. Sanders cannot demonstrate that he was prejudiced by his attorney's alleged error. To establish prejudice in the guilty plea context, a defendant must show that "counsel's constitutionally defective performance affected the outcome of the plea process. In other words . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty *and would have insisted on going to trial.*" *Hill v. Lockhart,* 474 U.S. 52, 59 (1985) (emphasis added). A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice. *United States v. Key,* 806 F.2d 133, 139 (7th Cir. 1986). Mr. Sanders does not even make *this* allegation. Instead he stated that he "may have not elected to relinquish his constitutional rights and proceed to trial" (Doc. 2).

Additionally, the evidence shows Mr. Sanders' attorney successfully negotiated a reduction of Mr. Sanders' offense level under the sentencing guidelines (Doc. 10). In the plea agreement, the government identified Mr. Sanders' offense level as 39, while Mr. Sanders' identified it as 37; he faced a sentencing range of 360 months to life (Doc. 10-1). Absent his attorney's negotiations, Mr. Sanders would have had an offense level of 43, and he would have faced a mandatory minimum sentence of life imprisonment (Doc. 10). Ultimately, the Court determined a lower guideline range than that offered by the plea agreement applied (Doc. 10-6). Mr. Sanders was sentenced to a term of 300 months in prison, which was below anything contemplated by the plea agreement (Doc. 10-6). Therefore, Mr. Sanders has failed to show that the proceedings resulted in a complete miscarriage of justice, and his claim for ineffective assistance of counsel is without merit.

**D. Sentence Based on Prior State Court Conviction**

Mr. Sanders' final claim in his § 2255 motion is that his sentence was improperly based on a previous state court conviction (Doc. 2). Specifically, he pled guilty in Illinois state court in 2002 to unlawful possession with the intent to deliver controlled substances (Doc. 2). Mr. Sanders claims he has filed a motion for post-conviction relief with the Illinois state court, however, it appears that the Illinois state court had not ruled on that motion prior to the time he filed the instant action (Doc. 2). Mr. Sanders asked the Court to "preserve his right to submit a supplement to this § 2255 seeking an adjustment to his criminal history category," (Doc. 2), which the Court construes as a request to stay a ruling on his § 2255 petition.

Mr. Sanders waived his right to bring this claim. It clearly relates to his disagreement with the length of his sentence, and has nothing to do with the issue of deficient negotiation of the waiver or plea agreement. Mr. Sanders agreed in his plea agreement not to contest "any aspect of his conviction and sentence" (Doc. 10-1). While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, *United States v. Bownes,* 405 F.3d 634, 637 (7th Cir.2005), Mr. Sanders' sentence was not in excess of the maximum of life imprisonment. Therefore, this claim falls within the scope of the waiver, and Mr. Sanders is barred from bringing it in his § 2255 motion.

The Court notes that even if Mr. Sanders had not waived his right to bring this claim, he would not be entitled to a stay. The Seventh Circuit instructed that when a prisoner files a § 2255 motion containing an unripe claim related to his prior state court conviction, as well as other claims which are ripe, such as ineffective assistance, the court should consider whether to stay the prisoner's § 2255 motion to vacate until the state court has ruled on the prisoner's motion

to vacate the prior conviction. *Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011). The stay of such unripe claims "should be limited to narrow circumstances where there is good cause for the petitioner's stay request, the claim is potentially meritorious, and there is no indication that the petitioner is engaging in dilatory tactics." *Id.* at 945, *citing Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Here, there is no evidence that Mr. Sanders has good cause for his stay request, that his claim is potentially meritorious, or that he is not engaging in dilatory tactics. Mr. Sanders did not provide the Court with any information as to when he filed his post-conviction motion in state court and whether he was timely in doing so. He did not state the grounds for his post-conviction motion in state court or provide any documents filed in that proceeding. He did not even provide the Court with a case number for the alleged proceeding. Therefore, Mr. Sanders is not entitled to a stay.

## CONCLUSION

For the aforementioned reasons, the government's motion to dismiss is **GRANTED**. Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DISMISSED on the merits**, and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: April 11, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge